OPINION of the Court, by
Judge Owsiey.
John Walker, a justice of the peace for Franklin county, upon the information of Jacob Miller, issued his warrant against Levi Floyd, to shew cause why he should not be compelled to pay a tine of one dollar per day, for each day he had continued his fence 'across one of the public roads of Franklin county.
Upon the warrant being returned executed, Walker rendered judgment against Floyd for ⅞ 9 fine and 4s. and Gd. costs, and to coerce the payment thereof, issued an execution against the estate of Floyd. The execution was accordingly levied by Wall, the constable to whom it was directed, upon Floyd’s property, and the property actually sold in satisfaction thereof. Floyd then brought this action of trespass iR the court below against Miller, Walker and Wall, fór taking and disposing of his property as aforesaid, and caused such proceedings to be had as to recover a verdict and iudg-r 4. r Cf, -, - ■ A 1-1 ,/ J ⅛ ment ot ¾ 115 m damages, besides cos^s.
To reverse this judgment, they have brought the cause before this court by writ of error with
1 he mam question presented by the record in this case, and the only one we think material to notice, involves the inquiry as to the power of the justice to award the judgment under which the property of Floyd was sold : for if the justice had jurisdiction over the subject, and by the authority of law might give such a judgment, however erroneous the exercise of that judgment may be with respect to the present contest, this action cannot be maintained against him or either of the other defendants in that court.
The authority of justices with respect to cases like the present, turns upon the construction which may be given the act of 1797, concerning public roads — (l Lit. 638.) Ry the 10th section of that act, it is provided, that when any fence shall be made across, or in any public road," the owner or tenant of the land shall pay six shillings for every twenty-four hours the same shall be continued.” And by the first branch of the 12th section of the same act, it is further provided, that * all penalties in the act not otherwise directed shall be one moiety to the informer, and the other to the use of the county, recoverable with costs on warrant or action, as the case may be.”
*238 Were these the only provisions in the act, in relation to the power of justices, no doubt would exist as to the jurisdiction of Walker in the present case : for as by the existing laws at the passage of the act in question, justices had jurisdiction of all causes of less value than five pounds, it would seem to result as a necessary con-, sequence, from that provision making penalties recoverable by warrant dr action, as the case might he, that whenever the penalty should be of less value than five pounds, justices of the peace, whose legitimate mode of proceeding is by warrant, should assume jurisdiction. It was however contended in argument, that by the latter branch of the 12 th section of the act before referred to, the right of justices to award judgment against delinquents, under the act, is limited to twenty-five shillings; and hence it is inferred that Walker by giving judgment for g 9 has transcended his jurisdiction. The construction contended for in argument, cannot however be admitted to prevail. That branch of the section just alluded to, applies exclusively to judgments rendered by justices under proceedings had upon their personal view, and should not, we apprehend, be adjudged to abridge their jurisdiction in relation to a proceeding in any other mode.
As, therefore, the warrant which was issued by Walker against Floyd, was not upon his personal view, but on the information of Miller, Walker in giving the judgment acted strictly within his jurisdiction, and consequently is not liable to an action in consequence thereof.
The plea of the defendants in the court below relying upon the judgment and proceedings before the justice thus judicially and regularly had, should therefore have been sustained, and the judgment of that court sustaining a demurrer thereto, is consequently erroneous.
The judgment must be reversed with costs* the causé remanded, and such further proceedings there had aa may be consistent with this opinion.